UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - X
STEVEN KOVELKOSKI, individually and on    :        **ECF CASE**
behalf of all others similarly situated,
                                          :     04 Civ. 5317 (WCC)
                          Plaintiff,
                                          :
            - against -
                                          :         **OPINION**
                                          :       **AND ORDER**
LOWE'S COMPANIES, INC., LOWE'S HOME
CENTERS, INC., LOWE'S HIW, INC., THE      :
CONTRACTOR YARD, INC. and EAGLE HARDWARE
AND GARDEN DISTRIBUTION SERVICES, INC.    :

                       Defendants.        :
- - - - - - - - - - - - - - - - - - - - X


**A P P E A R A N C E S :**

                                ABBEY SPANIER RODD ABRAMS
                                  & PARADIS, LLP
                                212 East 39th Street
                                New York, New York  10016


KARIN E. FISCH, ESQ.
STEPHANIE AMIN-GIWNER, ESQ.
                                        - and -
        Of Counsel


                                FARUQI & FARUQI, LLP
                                320 East 39th Street
                                New York, New York 10016

ADAM GONNELLI, ESQ.

        Of Counsel          **Attorneys for Plaintiffs**



                                LITTLER MENDELSON, P.C.
                                885 Third Avenue, 16TH Floor
                                New York, New York  10022-4834


ANDREW P. MARKS, ESQ.
                                        - and -
        Of Counsel

**A P P E A R A N C E S :   (continued)**


                                        LITTLER MENDELSOHN, P.C.
                                        200 North LaSalle St., Suite 2900
                                        Chicago, Illinois 60601

JOHN A. YBARRA, ESQ.
AMY M. TOEPPER, ESQ.
JERRY H. WALTERS, JR., ESQ.

         Of Counsel                     **Attorneys for Defendants**

**CONNER, Senior D.J.:**

Plaintiff Steven Kovelkoski commenced this action pursuant to the Fair Labor Standards Act ("FLSA" or the "Act"), 29 U.S.C. § 201 *et seq.*, on behalf of himself and a purported class of similarly situated employees to recover compensation allegedly owed them by defendant employer Lowe's Companies, Inc. and its subsidiaries Lowe's Home Centers, Inc., Lowe's HIW, Inc., The Contractor Yard, Inc. and Eagle Hardware & Garden Distribution Services, Inc. (collectively, "Lowe's" or "defendants").[1] Specifically, plaintiff complains that Lowe's willfully misclassified all assistant store managers as salaried, statutorily exempt employees even though the majority of their time was spent performing duties that fell outside the statutory exemption definition. Plaintiff now moves this Court—nearly seventeen months after filing this action—for leave to send notice to potential opt-in plaintiffs pursuant to § 216(b) of the FLSA.[2] For the reasons stated herein, plaintiff's motion is denied.[3]

## BACKGROUND

Lowe's, through its approximately 850 nationwide retail locations, sells home improvement products, equipment and services. (Complt. ¶ 14.) Kovelkoski was employed as an assistant store

---

[1] Plaintiff's Complaint also charges a parallel state action pursuant to NEW YORK LABOR LAW § 190 *et seq.*, intended as a class action under FED. R. CIV. P. 23(b). Plaintiff has not moved this Court to certify a potential class for New York State law purposes, and we therefore make no judgment on that claim at this time.

[2] In addition to opposing plaintiff's motion for leave to send opt-in notice, defendants filed a motion to strike class certification. Consequently, the parties have briefed this issue in duplicate. We therefore treat defendants' motion only as a response to plaintiff's motion, and deny defendants' motion as moot.

[3] Plaintiff also asks this Court to compel defendants to provide the names, last known addresses and telephone numbers of all Lowe's assistant store managers nationwide from July 8, 2001 to the present. To the extent plaintiff's request qualifies as a motion, it is denied as moot.

1

manager ("ASM") at Lowe's Middletown, New York location in 2001 and subsequently transferred to the Kingston, New York location where he also served as an ASM. (*Id.* ¶ 4.) The ASM job description contained in Lowe's corporate documents applies to all ASMs nationwide and states, in part, that they work "a flexible schedule, requiring both morning and evening availability . . . any day of the week" for which they are compensated by a set salary ranging from $31,248 to $51,690 per year (or, at a minimum, $600 per week) in addition to a bonus tied to store performance.[4] (Fisch Decl., Exs. C-E.) The job description lists numerous "Essential Job Functions," including customer service, training, staffing and supervision responsibilities. (*Id.*, Ex. C at 1.) Also included are essential "Operational" duties such as processing customer returns, operating cash registers and maintaining a clean store. (*Id.*) The ASM position also entails "Marginal Job Functions" such as operating motorized lifts and related equipment in order to move products and carrying customer purchases to vehicles. (*Id.*, Ex. C at 2.) Despite the myriad listed duties, ASMs are expected to spend "[n]o less than 95% of working time . . . on [the] sales floor," as they are "[r]esponsible for the overall performance of [their] assigned zone . . . ." (*Id.*, Ex. C at 1.)

Kovelkoski brings his collective FLSA action on behalf of all current and former Lowe's employees who served in the ASM position from July 8, 2001 to the present.[5] (Complt. ¶ 17.) Plaintiff alleges that both he and the purported "class" worked well over 40 hours per week performing predominately nonmanagerial tasks, but that Lowe's corporate policy "deliberately

---

[4] As of March 11, 2003, plaintiff was earning a base salary of $46,196.80 per year (or $888.00 per week) and in 2002 received a $22,000 bonus, representing almost half of his base salary. (Kovelkoski Dep. at 333-34, 437.)

[5] According to defendants, Kovelkoski was promoted to sales manager effective March 1, 2003 following Lowe's decision to eliminate the ASM position all together. (Walters Suppl. Decl., Ex. E.)

misclassifies" ASMs as exempt "managers."  (*Id.* ¶¶ 30, 33-34, 37-38.)


# DISCUSSION

## I.  Standard of Review

The FLSA requires employers, as defined in the Act, to pay their employees overtime "at a

rate not less than one and one-half times the regular rate at which [the employee] is employed."  29

U.S.C. § 207(a)(1).  The Act exempts from its overtime requirements those employees "employed

in a bona fide executive, administrative, or professional capacity." *Id.* § 213(a)(1).  This phrase is

understood to encompass any employee whose "primary duty is management," who "customarily

and regularly directs the work of two or more other employees," and who "has the authority to hire

or fire other employees or whose suggestions and recommendations as to the hiring, firing

advancement, promotion or any other change of status of other employees are given particular

weight."  29 C.F.R. § 541.100.  The exemption is to be narrowly construed, with the "employer

bearing the burden of proving that its employees fall within an exemption in the FLSA."  *Coke v.*

*Long Island Care at Home, Ltd.*, 376 F.3d 118, 123 (2d Cir. 2004), *vacated on other grounds*, 126

S. Ct. 1189 (2006).  FLSA regulations dictate that the employee's primary duty, *i.e.*, "the principal,

main, major or most important duty that the employee performs," must be the performance of

exempt work.[6]  29 C.F.R. § 541.700.  Yet the performance of both exempt and nonexempt work will

_____

[6] 29 C.F.R. § 541.700 further states, in pertinent part:

(a) . . . Determination of an employee's primary duty must be based on all the facts
in a particular case, with the major emphasis on the character of the employee's job
as a whole.  Factors to consider when determining the primary duty of an employee
include, but are not limited to, the relative importance of the exempt duties as
compared with other types of duties; the amount of time spent performing exempt
work; the employee's relative freedom from direct supervision; and the relationship

not necessarily prevent an employer from exempting an employee.[7] *See id.* § 541.106.

Where an employee disagrees with an employer's exemption classification, Section 216(b)

permits the employee to sue the employer "for and in behalf of himself . . . and other employees

---

between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee.

. . . .

(c) Thus, for example, assistant managers in a retail establishment who perform exempt executive work such as supervising and directing the work of other employees, ordering merchandise, managing the budget and authorizing payment of bills may have management as their primary duty even if the assistant managers spend more than 50 percent of the time performing nonexempt work such as running the cash register. However, if such assistant managers are closely supervised and earn little more than the nonexempt employees, the assistant managers generally would not satisfy the primary duty requirement.

[7] Determining the effect of dual duties is discussed at 29 C.F.R. § 541.106, which states, in pertinent part:

(a) Concurrent performance of exempt and nonexempt work does not disqualify an employee from the executive exemption if the requirements of § 541.100 are otherwise met. Whether an employee meets the requirements of § 541.100 when the employee performs concurrent duties is determined on a case-by-case basis and based on the factors set forth in § 541.700. Generally, exempt executives make the decision regarding when to perform nonexempt duties and remain responsible for the success or failure of business operations under their management while performing the nonexempt work. In contrast, the nonexempt employee generally is directed by a supervisor to perform the exempt work or performs the exempt work for defined time periods. An employee whose primary duty is ordinary production work or routine, recurrent or repetitive tasks cannot qualify for exemption as an executive.

(b) For example, an assistant manager in a retail establishment may perform work such as serving customers, cooking food, stocking shelves and cleaning the establishment, but performance of such nonexempt work does not preclude the exemption if the assistant manager's primary duty is management. An assistant manager can supervise employees and serve customers at the same time without losing the exemption. An exempt employee can also simultaneously direct the work of other employees and stock shelves.

similarly situated."[8]  The plaintiff bears the burden of establishing that he and the other members of

the proposed collective action are "similarly situated."  *See Hoffmann v. Sbarro, Inc.*, 982 F. Supp.

249, 261 (S.D.N.Y. 1997); *see also Patton v. Thomson Corp.*, 364 F. Supp. 2d 263, 267 (E.D.N.Y.

2005).  Of course, "[n]either the FLSA nor its implementing regulations define the term 'similarly

situated.'" *Gregory v. Home Depot U.S.A., Inc.*, No. 01 Civ. 00372, 2001 U.S. Dist. LEXIS 25922,

at *2 (D. Conn. July 3, 2001).  However, numerous courts in this Circuit have adhered to the

following standards in making FLSA collective action determinations.

Under the FLSA, the plaintiff is not required to meet the same burden as in class action

pursuant to FED. R. CIV. P. 23, and thus no showing of numerosity, typicality, commonality and

adequacy of representation need be made.  *See Hoffmann*, 982 F. Supp. at 263; *see also Young v.*

*Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005).  Rather, the plaintiff need only make

a "modest factual showing sufficient to demonstrate that they and potential plaintiffs together were

victims of a common policy that violates the law." *Hoffmann*, 982 F. Supp. at 261.  The standard

for such a preliminary determination is not a stringent one, requiring the plaintiff to demonstrate

merely some "factual nexus" between his situation and the situation of the other current and former

employees.  *Id.* at 262; *see also Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 91, 96

(S.D.N.Y. 2003).  Yet, in making its showing, "'[c]onclusory allegations are not enough.'" *Morales*

---

[8] Section 216(b) states in pertinent part:

An action to recover the liability prescribed in either of the preceding sentences may
be maintained against any employer (including a public agency) in any Federal or
State court of competent jurisdiction by any one or more employees for and in
behalf of himself or themselves and other employees similarly situated. No
employee shall be a party plaintiff to any such action unless he gives his consent in
writing to become such a party and such consent is filed in the court in which such
action is brought.

*v. Plantworks, Inc.*, No. 05 Civ. 2349, 2006 WL 278154, at *3 (S.D.N.Y. Feb. 2, 2006) (quoting

WRIGHT, MILLER & KANE, 7B FED. PRAC. & PROC. § 1807, at 490-91 (2005)).

"In collective actions, district courts have 'broad discretion to grant certification, to allow

discovery, and to regulate notice.'" *Id.* at *2 (quoting WRIGHT, MILLER, & KANE, § 1807, at 486));

*see also Gjurovich*, 282 F. Supp. 2d at 95 (citing *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165,

169-179 (1989); *Braunstein v. E. Photographic Lab., Inc.*, 600 F.2d 335, 336 (2d Cir. 1978) (per

curium), *cert. denied*, 441 U.S. 944 (1979)).  Nevertheless, district courts must avoid determining

the merits of the underlying classification question at this stage.  *See Gjurovich*, 282 F. Supp. 2d at

96; *see also Realite v. Ark Rests. Corp.*, 7 F. Supp. 2d 303, 308 (S.D.N.Y. 1998).


## II.    Collective Action Determination

Plaintiff alleges that Lowe's purposely mischaracterized ASMs as "managers" even though

their manual, or nonmanagerial, duties made it impossible to perform their managerial duties.

(Complt. ¶¶ 33-34, 37-38; Kovelkoski Dep. at 379, 494-501.)  Specifically, plaintiff complains that

he spent the majority of his time loading freights, stocking shelves, helping costumers, working the

register and cleaning bathrooms (Kovelkoski Dep. at 373-74, 390-91, 478), and that he lacked

independent managerial authority to hire, fire, promote and demote other employees.  (*Id.* at 252,

348; Complt. ¶¶ 35-36).  He further alleges that this situation is uniform to all Lowe's ASMs,

warranting a collective action supported almost entirely by the fact that Lowe's maintains a common

job description for all ASMs in addition to a policy exempting all ASMs.  (Complt. ¶¶ 25, 33.)

Plaintiff relies primarily on *Ayers v. SGS Control Servs., Inc.*, No. 03 Civ. 9078, 2004 WL

2978296 (S.D.N.Y. Dec. 21, 2004) and *Patton v. Thomson Corp.*, 364 F. Supp. 2d 263, for the

proposition that alleging a common policy satisfies the "modest" burden. These cases, however, are not analogous to the situation in the instant case. In *Ayers*, the court explicitly recognized that it would "not find that putative class members are similarly situated based solely on plaintiffs' allegations that defendants committed widespread wrongdoing if there is a total lack of factual support for those allegations." 2004 WL 2978296 at *5. It found such support where no less than four plaintiffs submitted affidavits alleging that their company, pursuant to a common payroll practice, was improperly calculating and delaying payment on overtime wages. *Id.* at *5. It was significant that these allegations were supported by the defendant's own payroll manager. *Id.* at *6.

Moreover, both *Ayers* and *Patton* concerned collective action requests made shortly after the action was commenced. A collective action request made early in the proceedings deserves more leniency, *see Rodolico v. Unisys Corp.*, 199 F.R.D. 468, 480 (E.D.N.Y. 2001), because "early notice will help to preserve and effectuate the rights of potential plaintiffs whose claims might otherwise become time-barred during the discovery phase of the case." *Patton*, 364 F. Supp. 2d at 268. Here, plaintiff filed his request some 15 months after commencing the action, long after this Court granted him permission to do so, and after substantial discovery revealed a lack of similarly situated employees. *See Krueger v. N.Y. Tel. Co.*, 163 F.R.D. 433, 445 (S.D.N.Y. 1995).

We are not persuaded that Lowe's mere classification of ASMs as exempt is sufficient to establish that the putative collective action members are automatically similarly situated. The Lowe's ASM job description reveals a lengthy list of responsibilities, including both managerial/supervisory duties as well as "operational" and "marginal" nonmanagerial tasks. Significantly, this is a generic job description of ASM duties not specific to the particular ASM's "assigned zone." (Fisch Decl., Ex. C at 1.) Plaintiff testified at his deposition that he was ASM for

7

the lawn and garden department (Kovelkoski Dep. at 340), but that other ASMs were responsible for other departments. (*Id.* at 313-14.) His testimony indicates that the daily activities of ASMs by their nature as well as by the nature of the departments they oversaw varied widely, including how many employees were supervised and the specific tasks that needed to be performed. This is supported by the extensive and differing job descriptions provided via affidavits, submitted by defendants, of other Lowe's ASMs working at the Middletown and Kingston locations. (Walters Decl., Exs. B-D.)

Since Lowe's classified all its ASMs as exempt, "any 'plan' or 'scheme' which reduces or eliminates overtime compensation to such employees, if one existed, cannot be improper on its face." *Morisky v. Pub. Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 498 (D.N.J. 2000). Moreover, the common job description cannot create a factual nexus where, as here, plaintiff's Complaint "disavows this job description" in order to allege that on "a task-to-task, day-to-day basis, he spent the balance of his time performing" nonmanagerial functions. *Mike v. Safeco Ins. Co. of Am.*, 274 F. Supp. 2d 216, 221 (D. Conn. 2003); *see also Holt v. Rite Aid Corp.*, 333 F. Supp. 2d 1265, 1271, 1273 (M.D. Ala. 2004) (identifying common managerial tasks insufficient where claim "hinges on an allegation of the performance of non-managerial duties"). "Whether an employee is exempt is determined by the employee's actual work activities, not by the employer's characterization of those activities through a job title or job description." *Cooke v. Gen. Dynamics Corp.*, 993 F. Supp. 56, 61 (D. Conn. 1997); *see* 29 C.F.R. § 541.2 ("A job title alone is insufficient to establish the exempt status of an employee.").

Therefore, the question before this Court at the collective action "certification" stage is whether Lowe's improperly classified plaintiff and other ASMs as exempt under the FLSA, a

decision that cannot be addressed without examining each potential plaintiff's day-to-day work

activities.  *See*, *e.g.*, *Diaz v. Elec. Boutique of Am., Inc.*, No. 04 CV 0840, 2005 WL 2654270, at *4

(W.D.N.Y. Oct. 17, 2005) (where gravamen of claim was that company "avoided paying [plaintiff]

overtime wages by willfully misclassifying him as exempt although his duties consisted primarily

of nonexempt tasks," court found that "detailed factual analysis of [plaintiff's] daily activities and

responsibilities" precluded proving plaintiff was "similarly situated"); *Holt*, 333 F. Supp. 2d at 1270

("Because the issues in this case revolve around whether the day-to-day tasks of Store Managers and

Assistant Managers are consistent with their designation as exempt, this court must necessarily

examine evidence of job duties actually performed by all of the Store Managers and Assistant

Managers."); *Mike*, 274 F. Supp. 2d at 220 (finding that merits of case "turn upon evidence relating

to [plaintiff's] day-to-day tasks, and not upon any [company] policy or decision," rendering a

collective action infeasible); *Morisky*, 111 F. Supp. 2d at 498 (determining if any ASMs "are entitled

to overtime compensation under the FLSA depends on individual, fact-specific analysis of each

employee's job responsibilities under the relevant statutory exemption criteria").  The evidence

before the Court clearly illustrates that the day-to-day activities of ASMs vary considerably.  Thus,

any determination as to whether plaintiff and the other ASMs are "similarly situated" would require

"an ad hoc inquiry for each proposed plaintiff," defeating the judicial economy typically provided

by a collective action and rendering its management highly burdensome.  *Mike*, 274 F. Supp. 2d at

221; *see also Morisky*, 111 F. Supp. 2d at 499.

Additionally, although plaintiff listed the names of six other ASMs whom he thought would

have the same or similar claims (Kovelkoski Dep. at 500), defendants submitted affidavits from three

of these ASMs refuting plaintiff's assertions and expressly declining to opt-in to any collective

action (Walters Suppl. Decl., Exs. B-D), and two of the named individuals never were employed as ASMs. (*Id.*, Ex. F.) Despite the lengthy and substantial discovery period, plaintiff provided no affidavits supporting his claim of knowing "a lot more" similarly situated employees. Plaintiff may not meet his burden of showing a factual nexus by mere assertions alone, especially in light of contrary evidence. *See Stubbs v. McDonald's Corp.*, 227 F.R.D. 661, 665-66 (D. Kan. 2004).

Therefore, this Court concludes that plaintiff has not met his burden of establishing the existence of sufficient similarly situated employees to warrant proceeding as a collective action.

## CONCLUSION

For the foregoing reasons, Stephen Kovelkoski's motion under Section 216(b) of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, for leave to send opt-in notice is denied. The motion of defendants Lowe's Companies, Inc., Lowe's Home Centers, Inc., Lowe's HIW, Inc., The Contractor Yard, Inc. and Eagle Hardware & Garden Distribution Services, Inc. to strike class certification is denied as moot.

SO ORDERED.

Dated: White Plains, New York
        April 17, 2006

*William C. Conner*
Sr. United States District Judge
